IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-CR-14028-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDGAR SEARCY,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND ORDER TO SHOW CAUSE**

THIS CAUSE came before the Court upon Defendant's Emergency Motion for an Order for Disclosure and Discovery under Brady v. Maryland/FOIA (ECF No. 224).[1] THIS MOTION was referred to the Honorable Frank J. Lynch, Jr., United States Magistrate Judge, who issued a Report (ECF No. 228) recommending that the Motion be denied. Defendant filed an Objection (ECF No. 231) to the Report.

A review of the history of Defendant's proceedings is in order.

On May 15, 2003, Edgar Joe Searcy was indicted for using means of interstate commerce to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (ECF No. 8). Defendant entered a written plea agreement (ECF No. 45). On December 4, 2003, the District Court sentenced the Defendant to the statutory maximum term of 180 months' imprisonment,

---

[1] Although classified as an emergency motion, this motion fails to meet the qualifications for an emergency motion and Defendant ultimately seeks information to once again challenge the statute under which he was convicted.

1

followed by a three-year term of supervised release (ECF No. 53). The District Court imposed an upward departure from the Guidelines based on Defendant's status as a career offender.

Defendant filed an appeal with the U.S. Court of Appeals for the Eleventh Circuit on October 13, 2004. Defendant raised numerous claims of error relative to the guilty plea and sentencing proceedings in the District Court. On September 13, 2005, the Eleventh Circuit issued a mandate denying petitioner's appeal (ECF No. 120).

On November 3, 2005, Defendant began his campaign to collaterally attack his sentence by filing a petition under Title 28, United States Code, § 2255, seeking to vacate, set aside or correct his sentence. See Searcy v. United States, No. 05-CV-14334-KMM (S.D.F.L. filed Nov. 3, 2005). This petition was denied on June 12, 2006. On January 23, 2007, the Eleventh Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability. The Supreme Court denied a writ of certiorari on May 29, 2007.

Defendant filed another petition under Title 28, United States Code, § 2255, seeking to vacate, set aside or correct his sentence on June 14, 2007. See Searcy v. United States, No. 07-CV-21523-Gold (S.D.F.L. filed June 14, 2007). This petition was denied on September 20, 2007 as a successive application for a writ of habeas corpus. Defendant did not file an appeal.

In an attempt to change his luck, Defendant filed a petition for Writ of Error Corum Nobis under Title 28, United States Code § 1651, seeking to attack his sentence on July 18, 2008 See Searcy v. United States, No. 08-CV-14266-KMM (S.D.F.L. filed July 18, 2008). This petition was in effect a motion to vacate pursuant to § 2255 and was denied as successive on August 27, 2008. On January 30, 2009, the Eleventh Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability.

On March 2, 2009, Defendant filed another petition under Title 28, United States Code, § 2255, seeking to vacate, set aside or correct his sentence. See Searcy v. United States, No. 09-CV-14066-KMM (S.D.F.L. filed Mar. 2, 2009). This petition was dismissed as a successive § 2255 petition on March 4, 2009. On August 31, 2009, the Eleventh Circuit Court of Appeals dismissed the appeal and denied a certificate of appealability.

Still unsatisfied with the previous outcomes, Defendant again filed a petition for Writ of Error Corum Nobis under Title 28, United States Code § 1651, on August 25, 2010 seeking to attack his sentence. See Searcy v. United States, No. 10-CV-14222-KMM (S.D.F.L. filed Aug. 25, 2010). This petition was denied as successive on June 20, 2011. On August 17, 2011, the Eleventh Circuit Court of Appeals dismissed the appeal because Defendant failed to pay the filing fee.

Additionally, the Defendant has filed countless other motions within these matters.[2] Each of Defendant's motions has been addressed by the Government, a United States Magistrate Judge, and the undersigned.

The above history clearly demonstrates that Defendant has engaged in a vexatious litigation strategy. Moreover, the Defendant has been on notice of this Court's warning that he must first seek leave to file a successive petition from the Eleventh Circuit Court of Appeals for any new actions under 28 U.S.C. § 2255 or any actions that may be properly construed as an action under § 2255. See Docket Entry No. 7, Case No. 09-CV-14066-KMM.[3] Additionally, the most recent Mandate (ECF No. 226) issued by the Eleventh Circuit Court of Appeals specifically

---

[2] For example, in all the proceedings Defendant has filed: (1) eight motions for Assignment of Counsel; (2) seven Motions for Writ of Habeas Corpus as Testificandum; (3) five Motions for Writ of Error Corum Nobis or Audita Quarela; and (4) four miscellaneous motions.

[3] On May 28, 2010, this Court further warned Defendant that any frivolous motions would be summarily denied (ECF No. 184).

addressed all of the relief that Defendant has repeatedly requested. Despite this clear instruction, the Defendant continues to file frivolous motions.[4] This Court acknowledges that it has the responsibility "to curb conduct that would impair the rights of other litigants and the court['s] ability to carry out [its] Article III functions." Shivers v. United States, No. 10-14336, 2011 WL 1935543, at *2 (11th Cir. May 20, 2011) (citing Procup v. Strickland, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (en banc)). Accordingly, this Court deems it necessary to determine whether restrictions[5] on Defendant's vexatious litigation strategy are proper to conserve judicial resources.[6]

Upon Consideration of the Motion, Report, and Objection, and after a de novo review of the record, it is hereby

ORDERED AND ADJUDGED that Magistrate Judge Lynch's Report and Recommendation (ECF No. 228) is ADOPTED. Defendant's Emergency Motion for an Order for Disclosure and Discovery is DENIED. It is further

---

[4] Defendant has filed at least twenty motions since being warned by this Court on March 4, 2009. These motions include a Complaint About Violations of the U.S. Attorneys Oath of Office and the Clean Hands Doctrine (ECF No. 168), Emergency Motion to Stay of Sentence (ECF No. 219), and a Motion for Summary Judgment (Case No. 10-CV-14222-KMM, ECF No. 19). Additionally, since filing the instant Motion, Defendant has filed a Motion to Stay (ECF No. 229), Motion to Provide Information (ECF No. 232), and a Motion for Writ of Habeas Corpus (ECF No. 233).

[5] The Eleventh Circuit Court of Appeals has held that "district courts have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts." Id. (citing Procup v. Strickland, 792 F.2d at 1074).

[6] This Court recognizes that an individual must be afforded due process before such restrictions be imposed. See Smith v. United States, No. 09-14173, 2010 WL 2697018, at *2, *4 (11th Cir. July 9, 2010) (stating that a Defendant "should be provided with an opportunity to oppose [an] injunction before it is instituted."). Following the procedure for an injunction upheld by the Eleventh Circuit Court of Appeals in Shivers v. United States, this Court shall provide Defendant an opportunity to oppose any restrictions in a response to an order to show cause. No. 10-14336, 2011 WL 1935543, at *2 (11th Cir. May 20, 2011).

ORDERED AND ADJDUGED that Defendant has fifteen (15) days to SHOW CAUSE as to why this Court should not impose sanctions or an injunction restricting Defendant's ability to file future motions collaterally attacking his judgment and conviction.

DONE AND ORDERED in Chambers, at Miami, Florida this/2v day of April, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:

All Counsel and pro se parties of record