IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-cr-14028-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDGAR SEARCY,

    Defendant.
_____/

## ORDER IMPOSING SANCTIONS

THIS CAUSE came before the Court upon Defendant's Emergency Motion for an Order for Disclosure and Discovery under Brady v. Maryland/FOIA (ECF No. 224). THIS MOTION was referred to the Honorable Frank J. Lynch, Jr., United States Magistrate Judge, who issued a Report and Recommendation (ECF No. 228) that the Motion be denied and this Court consider imposing restrictions on Defendant's ability to file future motions. Defendant filed an Objection (ECF No. 231) to the Report. This Court adopted Magistrate Judge Lynch's Report, denied Defendant's Motion, and ordered Defendant to show cause why this Court should not impose sanctions or an injunction restricting Defendant's ability to file future motions collaterally attacking his judgment and conviction (ECF No. 239). Defendant filed a Response (ECF No. 242).

As previously noted in this Court's Order, the Defendant has engaged in a vexatious litigation strategy.[1] Although this Court does not suggest that Defendant has ever acted in bad faith, a review of the record demonstrates his continuous abuse of the judicial process by filing

---

[1] A more detailed account of the history of this case is included in this Court's prior Order (ECF No. 239), and is incorporated herein by reference.

1

meritless and repetitive actions. The voluminous record indicates that this is an appropriate situation to impose restrictions on a vexatious litigant.[2]

However, this Court gave the Defendant an opportunity to oppose any restrictions before their imposition.[3] In his Response, Defendant argues, in relevant part, that (i) at all times he was exercising in good faith his Constitutional rights to redress and access the courts; (ii) any restriction on Defendant's right to file motions would be a civil rights violation and this Court would be violating its Constitutional duties; (iii) *pro se* litigants should be treated with leniency; and (iv) requiring permission to file motions will only increase the Court's caseload. Def. Resp., at 1-2.

This Court acknowledges that restricting a litigant's access to the judicial system is an extraordinary remedy and should be exercised with discretion. The United States Supreme Court has recognized "that prisoners have a constitutional right of access to the courts." See Smith, 2010 WL 2697018, at *4 (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). However, "that right is neither unconditional nor absolute." Id. (quoting Procup v. Strickland, 792 F.2d 1069, 1077–78 (11th Cir. 1986) (en banc)). The right of access may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings. Id. (citing In re McDonald, 489 U.S. 180, 184 (1989)). Indeed, the Eleventh Circuit has held that "district courts have considerable discretion to impose even severe restrictions on what such individuals may file

---

[2] This Court has twice warned the Defendant concerning frivolous and successive petitions. See ECF No. 184; Searcy v. United States, No. 09-CV-14066-KMM, ECF No. 7 (S.D. Fla. filed Mar. 2, 2009).

[3] The United States Court of Appeals for the Eleventh Circuit has held that an individual must be afforded due process before imposing restrictions. See Smith v. United States, No. 09-14173, 2010 WL 2697018, at *4 (11th Cir. July 9, 2010) (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993) (stating that a Defendant "should be provided with an opportunity to oppose [an] injunction before it is instituted."). Like the court in Shivers v. United States, this Court provided the Defendant an opportunity to oppose any restrictions in a response to an order to show cause. No. 10-14336, 2011 WL 1935543, at *2 (11th Cir. May 20, 2011).

and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts." Shivers, 2011 WL 1935543, at *2 (citing Procup, 792 F.2d at 1074); see also Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 (11th Cir. 2002) (upholding an injunction prohibiting a frequent litigant from filing any new actions without first obtaining leave of the court).

After reviewing Defendant's Response, this Court believes it is appropriate to impose restrictions on Defendant's ability to file future motions collaterally attacking his judgment and conviction. Defendant has failed to provide sufficient justification for his continual abuse of the judicial process. Although Defendant argues that his numerous motions were made in good faith, he does not attempt to contradict the fact that his motions are meritless and successive. Defendant's frivolous motions have been continually addressed by the Government, a United States Magistrate Judge, and the undersigned. Therefore, this Court believes restrictions are appropriate in order to conserve judicial resources.[4] However, this Court will not completely bar Defendant from filing motions in order to minimize the effect on any of Defendant's legitimate claims. See Procup, 792 F.2d at 1074.

Upon Consideration of the Order to Show Cause, Response, and after a de novo review of the record, it is hereby

ORDERED AND ADJUDGED that the Clerk of the Court is hereby DIRECTED not to accept any future motions in this case by Defendant EDGAR SEARCY which attempt to collaterally attack his judgment and conviction. Notwithstanding this directive, in an effort to minimize the effect on Defendant's potential legitimate claims, Defendant is permitted to file

---

[4] The Eleventh Circuit has held that district courts have the discretion "to curb conduct that would impair the rights of other litigants and the court['s] ability to carry out [its] Article III functions." Shivers, 2011 WL 1935543, at *2.

3

such motions if he (1) is represented by counsel in making such motions; (2) seeks and obtains permission from this Court; (3) legitimately alleges imminent physical harm; or (4) obtains prior authorization from the Eleventh Circuit.  Defendant's failure to comply with this Order may result in sanctions, including restrictions on his ability to litigate claims within this District and contempt of court.  It is further

ORDERED AND ADJUDGED that Defendant's Motion for Information (ECF No. 232) is DENIED.  Defendant's Motion seeks the same information to collaterally challenge his judgment and conviction that this Court has previously denied.  All pending motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers, at Miami, Florida this 17th day of May, 2012.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All Counsel and pro se parties of record